## J. J. WELLS *v.* E. S. COLLINS *et al.*

1. CHANCERY COURT JURISDICTION. *Partnership, Resident and non-resident partners.* The chancery court of a county in which a partnership was formed and conducted has jurisdiction, by statute, of a suit by a resident partner against a non-resident partner for a partnership settlement, or to ascertain a debt growing out of the partnership transactions, and to issue to other counties attachments, injunctions or other necessary process.

2. SAME. *Same. Same.* If, in addition, the object of the bill be to attach a judgment recovered by the non-resident defendant against a third person, and to have the benefit of any recovery in a suit commenced by him in the chancery court of another county for the collection of the judgment, the object may be attained by impounding the recovery, without interfering with the prosecution of the suit, but if the injunction sued out be broader than it ought to be, it would not effect the jurisdiction of the court granting it, being subject to be modified on motion.

3. CHANCERY PLEADINGS AND PRACTICE. *Agent. Lien. Necessary parties.* An agent of the defendant, who has a lien for services upon the fund sought to be reached, is a necessary party to the suit.

FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN SOMERS, Ch.

COOPER & HAYS for complainant.

HALL & HARWOOD and THOMAS STEELE for defendants.

COOPER, J., delivered the opinion of the court.

The chancellor sustained a demurrer to this bill, and the complainant appealed.

The bill alleges that complainant and defendant Collins, in the latter part of 1871 or early in 1872, entered into a partnership for the purpose of making and selling a cotton and hay press, of which Collins had obtained letters patent; that complainant had advanced money in obtaining the patent, and was to advance money and material in the making of the presses to be repaid by the firm, Collins superintending the making and vending the machines. That the business was unprofitable, and loss, by the terms of the partnership, was to be borne equally by both partners; that the firm ceased to do business in 1873 or 1874, but there never was any formal dissolution, nor any settlement of the partnership accounts; that the defendant sets up a claim for services to the firm, which, if allowed, would leave him indebted to complainant in the sum of $789, without interest, and over $1,000 if his claim be not allowed; that the firm was formed in Trenton, Gibson county, Tennessee, and had its place of business, shops, etc., at that place. The bill then states that in October, 1874, defendant Collins recovered a judgment before a justice in Lauderdale county for about $270, against one Kneeland Eison, and had shortly before filed a bill in the chancery court of that county against Eison and one John H. Pillow to collect said judgment by subjecting certain land that Eison had conveyed to Pillow. That Thomas Steele was the agent and attorney of Collins in the prosecution of the suit, and claimed but was not entitled to a lien on the proceeds for fees. That Collins was totally insolvent, a non-resident of

this State, and a resident of the State of Texas. The bill prays that the complainant be allowed to recover a judgment against Collins for all that Collins may owe him, that proper references be had, etc.; that the judgment in favor of Collins against Eison be attached, and complainant be subrogated to all the rights of Collins against Eison. The bill further prayed that Eison and Pillow be enjoined from paying the justice's judgment, or any decree entered thereon until the further order. of the court, and that Collins and Steele be enjoined from collecting the judgment from Eison until the further order of the court, and from assigning the judgment. All of these parties were made defendants. Process of subpœna was served upon Eison in Gibson county, and counterpart writs run to Lauderdale county. The bill was filed in the chancery court at Trenton.

The defendant Collins assigns as one cause of demurrer to his bill that the court had no jurisdiction of the cause, the jurisdiction belonging exclusively to the chancery court of Lauderdale county. But the bill is filed for a partnership settlement between complainant and Collins of a business begun and carried on in Gibson county, and to enforce the collection of a debt originating in that county, alleging that Collins is a non-resident of the State. By the Code, sec. 4311, sub-sec. 4, bills against non-residents may be filed in the (chancery) district in which the cause of action arose. And by sec. 4307, if the suit is properly instituted, attachments, injunctions, and all other process known to the court, and necessary to attain the

ends of justice, may be issued to any other county. So, also, by sec. 4306, counterpart summons, with copies of the bill, may issue to any other county in the State for defendants not to be found in the county in which the suit is properly brought. The first cause of demurrer assigned is therefore clearly not well taken.

The second cause assigned is that the court has no jurisdiction to enjoin or in any manner restrain the proceedings in the chancery court of Lauderdale county. But if this were so, it would only be a ground for dissolving the injunction, not for dismissing the bill, as to the main subject-matter of which and the parties the jurisdiction, as we have seen, is clear. The injunction, however, is not as broad as the demurrer assumes. It does not in terms enjoin the parties from proceeding to prosecute the suit in the chancery court of Lauderdale county to final deree, but inhibits the transfer of the judgment attached, and the payment of the amount due thereon until the further order of the court. If the injunction was intended to interfere with the prosecution of the suit, it was improvidently granted. For Collins had the right to pursue his action to a successful conclusion, if entitled to it, and complainant, who acquired only a lien on the judgment by his attachment, should not be permitted to deprive him of the benefit of the action. All that the complainant could justly claim was to impound the fund pending his suit, and, if successful, to appropriate the proceeds to the satisfaction of his debt. This end would be attained by enjoining the parties defend-

ant from assigning the attached debt, and receiving the fund, but allowing the suit to be prosecuted, and the proceeds realized paid into the receiver of the court for the benefit of whom it may concern. The injunction, in that view, would operate only on the parties, not the court. If the injunction is too broad, the chancellor would no doubt have modified it on application. And either party may secure proper attention to the suit by the appointment of a receiver.

The remaining cause of demurrer is that the claim of the complainant is barred by the statute of limitations. This bill was filed April 2, 1880. It alleges that the firm of Collins & Wells was never formally dissolved, but ceased to do business in 1873 or 1874. If dissolved after April 2, 1874, the only limitation applicable to the character of claim would not have attached. The presumption in this State is in favor of the pleader, and the doubt as to the time of dissolution, if that were the test, would enure to the complainant's benefit. But the bill further alleges that there never has been any partnership settlement, and the statute in such cases does not apply: *Bolton* v. *Dickens,* 4 Lea, 569.

The defendant Steele also demurrers to the bill, relying upon the first and second causes assigned by his co-defendant. They are equally unavailing in his behalf. He also insists that he is neither a necessary nor permissable party, because, although the demurrer does not say so, he is merely the agent of Collins his co-defendant. But the bill, and his own demurrer, which on this point speaks somewhat loudly, shows

that he is something more than a mere agent, having or claiming a lien upon the fund expected to be recovered by the suit in the chancery court of Lauderdale county. He is therefore a necessary party to the adjustment of the complainant's right.

The decree must be reversed, the demurrer overruled, and the cause remanded for further proceedings.